YOUNG v. CLIPPER MFG. CO.

(Circuit Court, S. D. New York. January 19, 1903.)

1. PATENTS—DESIGNS—PRIOR PUBLIC USE.

Since a design is patentable only for its appearance, the exhibition of the subject of a design patent by the inventor to others after its completion, and more than two years before the filing of the application for a patent, constitutes a prior public use which invalidates the patent.

**2. Same—Design for Paper Fastener.**
　　The McIntosh design patent, No. 27,514, for a design for a clip or fastener for holding sheets of paper together, is void for prior public use.

In Equity. Suit for infringement of letters patent No. 27,514, for a design for a clip or fastener, granted August 10, 1897, to William R. McIntosh. On final hearing.

S. L. Moody and Harold Binney, for plaintiff.
Edmund Wetmore, for defendant.

WHEELER, District Judge. This suit depends upon design patent No. 27,514, dated August 10, 1897, and granted to William R. McIntosh, assignor to the plaintiff, "for a clip or fastener," of resilient wire, to hold together sheets of paper, documents, and other articles, by slipping over and clamping their edges. One defense set up is that the design was in public use more than two years before the application, which was filed June 24, 1897.

The inventor made some of the clips in May, 1895, and gave one to a printer, who got an engraving company to make an electrotype of it for printing letter heads, setting forth its qualities, and envelopes calling attention to it, which were done June 5th; and some were placed upon the edges of letters and tags sent by the inventor, in correspondence concerning them, before June 24, 1895. A design is patentable for its appearance, and the use of it consists in exhibition and contemplation of it. Any such use, involving others than the inventor, would seem to be a public use, as the use of a mechanical device, at the request of the inventor, by another, is well adjudged to be. Egbert v. Lippmann, 104 U. S. 333, 26 L. Ed. 755. The use of this design by the engraver for the printer, and by the inventor in his correspondence with others, neither of which had anything to do with producing or completing the invention, would each seem to be such a public use, according to the principles of that case, as will defeat a patent. The time of these uses is well established, and they seem to compel the overthrow of this patent upon this defense.

Bill dismissed.